IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS GORDON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 11-1029-LPS |
| SGT. GEORGE GILL, et al., | : |
| Defendants. | : |

Thomas Gordon, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 6, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Thomas Gordon ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND[2]

Plaintiff filed his Complaint (D.I. 3) on October 26, 2011, followed by an Amended Complaint (D.I. 8) on July 6, 2012. The Amended Complaint is the operative pleading

According to the Amended Complaint, Plaintiff and Defendant Sgt. George Gill ("Gill") had an exchange of words on September 11, 2011. Plaintiff wrote a letter of complaint followed by a grievance and, the next morning, there was a shakedown of his cell by Gill and Defendant C/O Michael Deppe ("Deppe"). Gill told Deppe to crack the flap of Plaintiff's cell and Gill sprayed an entire can of capstun into Plaintiff's cell and face. Deppe then closed the flap.

Next, it is alleged that Gill and Deppe submitted a false write-up against Plaintiff, resulting in his placement in twenty-four hour restraints in isolation and on an alternative meal plan (i.e., nutra-loaf). On September 16, 2011, after the hearing officer spoke to his witnesses, Plaintiff was

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The recitation of facts herein is based on taking Plaintiff's allegations as true, as the Court must do at this stage.

found "not guilty" of all offenses. Regardless, Plaintiff remained on the nutra-loaf diet – even though Defendant Major Scarborough ("Scarborough") received an email to remove him from the diet.

Plaintiff was on the nutra-loaf diet for a total of seven days. When he was not removed from the nutra-loaf diet after the "not guilty" finding, Plaintiff protested and went on a hunger and thirst strike. He lost fifteen pounds during the strike. Plaintiff seeks compensatory and punitive damages, as well as any other relief the Court deems appropriate.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory"

2

or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its

facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Conditions of Confinement

Plaintiff complains that he was placed on a nutra-loaf diet for seven days. In protest, he went on a hunger and thirst strike and lost fifteen pounds.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official, it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). A

food loaf diet does not violate the Eighth Amendment because nutritional and caloric requirements are met. *See, e.g., Ostrander v. Trippett*, 71 F. App'x 565, 566 (6th Cir. Aug. 11, 2003) (not published); *see also LeMaire v. Maas*, 12 F.3d 1444, 1456 (9th Cir. 1993) (providing nutra-loaf, a nutritionally adequate blend of fresh ingredients designed to be given to inmates without eating utensils, is not deprivation serious enough to violate Eighth Amendment).

Plaintiff does not allege that the nutra-loaf diet, which he was on for seven days, caused him weight loss. Rather, he states that, to protest the continuation of the diet after he was found "not guilty" of disciplinary charges, he went on a hunger and thirst strike that resulted in weight loss. *See Adams v. Kincheloe*, 743 F.Supp. 1385, 1391 (E.D. Wash. 1990) (placing inmate on disciplinary five-day diet of "nutra-loaf" did not violate Eighth Amendment, especially since inmate did not suffer from any weight loss or medical conditions).

The nutra-loaf diet claim is frivolous. The Court will dismiss the claim raised against Scarborough pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.     False Disciplinary Report**

As to Plaintiff's claim that Gill and Deppe filed a false disciplinary charge followed by a day in isolation, this, without more, did not violate Plaintiff's constitutional rights under the Due Process Clause. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Plaintiff's due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." *Id.* Thus, "[a]s long as the conditions or degree of

confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Id.* at 480 (internal quotation marks omitted).

Segregation for a period of 10 days and reclassification to a higher security level have been found to fall within the expected parameters of the sentence imposed by a court of law. *See id.* at 485; *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (stating prisoner's confinement in administrative segregation for fifteen months did not impose atypical and significant hardship). Here, Plaintiff's one day in isolation, even if the result of false disciplinary actions, did not trigger the protections of the Due Process Clause.

In addition, because Plaintiff because had a procedural opportunity to address his assertion that the misconduct report was false, the claim fails. *See Smith*, 293 F.3d at 654 (stating as long as procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state due process claim). Indeed, Plaintiff appeared at a hearing and was found "not guilty."

For the above reasons, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will dismiss the claims against Major Scarborough and will dismiss the false disciplinary claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Amendment would be futile. Plaintiff will be allowed to proceed against Gill and Deppe on his Eighth Amendment excessive force/failure to protect claims.

An appropriate Order follows.